UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW LANDON JONES,<br>    Plaintiff, | )<br>)<br>)    CIVIL ACTION NO. 3:12-26 |
| v. | )<br>)<br>)    **ORDER** |
| TENNESSEE VALLEY AUTHORITY, ET AL.,<br>    Defendants | )<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendant Tennessee Valley Authority ("TVA"). (DE 8). In a special, limited appearance, TVA moves the Court to dismiss Plaintiff's Complaint without prejudice for insufficiency of service of process. Because Plaintiff failed to properly serve the Defendants within the time allotted by Federal Rule of Civil Procedure 4(m), and because Plaintiff has not shown good cause to excuse this failure, the Court GRANTS Defendant's Motion to Dismiss.

    **I. Background**

Plaintiff Matthew Landon Jones filed this *Bivens* action on January 20, 2012. (DE 1). In his Complaint, Jones asserts claims against TVA and six former TVA employees for constitutional violations related to his arrests on March 5, 2009, and January 20, 2010, at TVA's Kingston Fossil Plant. No summons was issued until January 7, 2013, almost a year after the Complaint was filed. (DE 4). On January 15, 2013, TVA received delivery of seven forms titled "Notice of a Lawsuit and Request for Waiver of Service." (DE 11-1). These were addressed to the "Clerk of the Board-Tennessee Valley Authority" and to the six individual Defendants, who were no longer TVA employees. These waiver requests state: "This is not a summons, or an

official notice from the court"; "If you return the signed waiver, I will file it with the court"; and "If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you." (*Id.*) There is no record that any individual Defendant signed a waiver request.

## II. Analysis

Under Federal Rule of Civil Procedure 12(b)(5), an action can be dismissed if service of process is not completed in a timely manner. With respect to the time allotted for service, Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It is undisputed that Plaintiff failed to make proper service of process within the 120-day limit.[1] As a result, the Court must determine whether Plaintiff has established "good cause" for failing to timely effect service of process. Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline."[2] *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). "Establishing good cause is the responsibility of the party opposing the motion to dismiss – here, the plaintiffs – and

---

[1] The belated use of a waiver request is also problematic in multiple ways. First, waiver requests do not apply to the United States and its agencies, corporations, and officers, so the request addressed to "Clerk of the Board-Tennessee Valley Authority" is flawed. Fed. R. Civ. P. 4(d), 4(i). Second, the waiver requests were not signed by the individual defendants, and Plaintiff cannot rely on the delivery of those requests to TVA – the individuals' former employer – to effect service. *Holmes v. Gonzalez*, No. 1:09-CV-259, 2010 WL 1408436, at *5 (E.D. Tenn. Apr. 2, 2010) (process mailed to individual's workplace did not accomplish personal service under either Federal or Tennessee Rules of Civil Procedure), *aff'd Holmes v. Gonzalez*, No. 10-5563, slip op. (6th Cir. Jan. 14, 2011).

[2] The Court is aware that there is also authority within the Sixth Circuit supporting the proposition that courts have discretion to extend the time for service even in the absence of good cause. *See Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at * 1 (6th Cir. Nov. 21, 2000) (unpublished table decision). Under either line of authority, the Court is only *required* to extend the time for service when it determines there has been a showing of good cause.

2

'necessitates a demonstration of why service was not made within the time constraints.'" *Id.* (quoting *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir. 1994).

Plaintiff has not shown "good cause" for failing to effect process within the 120-day deadline. For "cause," Plaintiff states that "local counsel and Plaintiff relied on a misstatement from a clerk of this court that the USD Marshal's service was going to serve Defendants" and that "[l]ocal counsel is a new attorney, who had not had previous experience in Federal court." (DE 10 at 4). Additionally, Plaintiff states that out-of-state counsel was not admitted *pro hac vice* until April 19, 2012, and was unable to access the ECF system "for some time after that" due to password issues. (*Id.* at 5). While out-of-state counsel made multiple attempts to solve these technological issues, it seems no inquiries were made into whether service of process had been accomplished. There was ample time and opportunity to correct the deficient service, but there is no record that Plaintiff's local or out-of-state counsel acted to do so.

The conduct of Plaintiffs and his counsel can best be described as falling into the category of inadvertence, mistake, and ignorance of the rules governing service of process. This conduct does not demonstrate good cause or provide grounds to withstand dismissal. *Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir. 1992) ("Mistake of counsel or ignorance of the rules usually does not suffice"); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991) ("Courts that have considered this issue, however, agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause"). Additionally, the Local Rules specifically provide that:

> All court personnel are forbidden from interpreting any rules of procedure or giving any legal advice. Notice is hereby given to all persons that court personnel assume no responsibility for misinformation regarding applicable procedural rules, substantive law, or interpretation of the local rules of the Court.

E.D.TN. LR 77.1.

As a result, Plaintiff cannot shift his counsel's responsibility to court personnel. Courts in the Eastern District of Tennessee have been clear that "the negligence on the part of plaintiff's attorney does not constitute 'good cause.'" *Dunham-Kiely v. United States*, No. 3:08-CV-114, 2010 WL 1882119, at *5 (E.D. Tenn. May 11, 2010); *accord Campbell v. McMinn Cnty., Tenn.*, No. 1:10-CV-278, 2011 WL 5921431, at *3 (E.D. Tenn. Nov. 28, 2011). Plaintiff simply has not shown good cause for his failure to effect service.

Finally, Plaintiff argues that dismissal may have the effect of time-barring his *Bivens* action, which is based on events from 2009 and 2010. When faced with similar statutes of limitations issues, however, courts in the Eastern District of Tennessee have still found dismissal appropriate "[d]espite the potentially harsh consequences …" *Holmes v. Gonzalez*, No. 1:09-CV-259, 2010 WL 1408436, at *5 (E.D. Tenn. Apr. 2, 2010) (dismissing *pro se* plaintiff's complaint), *aff'd Holmes v. Gonzalez*, No. 10-5563, slip op. (6th Cir. Jan. 14, 2011). This Court agrees with that reasoning, and so Defendant's Motion to Dismiss will be GRANTED.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Dismiss (DE 8) is GRANTED;

(2) This action is DISMISSED WITHOUT PREJUDICE and STRICKEN from the Court's active docket.

This 23rd of April, 2013.



Signed By:
Karen K. Caldwell
United States District Judge

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT